John M. MOSES

v.

Virginia Ann MOSES.

Civ. A. No. H–82–2843.

United States District Court,
S.D. Texas,
Houston Division.

Oct. 21, 1983.

Roger H. Broach, Houston, Tex., for plaintiff.

Peter Johnson, Houston, Tex., for defendant.

## MEMORANDUM AND ORDER

STERLING, District Judge.

This case is before the Court on appeal from the judgment of bankruptcy Judge E.H. Patton, Jr., issued on June 11, 1982, modified August 6, 1982. The complaint of John M. Moses, Appellant, sought to declare an alimony obligation payable to Virginia Ann Moses, Appellee, dischargeable in bankruptcy or in the alternative void as a preference or invalid due to the underlying agreement's having been allegedly obtained by duress or fraud. The Honorable E.H. Patton, Jr., Bankruptcy Judge, found that the debt of Appellant to Appellee was actually in the nature of alimony, maintenance and support, and therefore nondischargeable under 11 U.S.C. § 523(a)(5). The Court also found that there was no jurisdiction to decide the issue of invalidity of the alimony agreement due to fraud or, if there was such jurisdiction, the Court was abstaining from exercising such jurisdiction pursuant to 28 U.S.C. § 1471(d). The judgment is affirmed.

■ Appellant presents two grounds of error for this Court's consideration. Appellant contends that the abstention by the Court on the ground that this action is a collateral attack on a state judgment was erroneous. Such exercise of abstention is not reviewable. 28 U.S.C. 1471(d).

■ Appellant also contends that the contract for support beyond child support should have been found dischargeable because it was invalid under Texas law in the first instance. The legislative history of 11 U.S.C. § 523 states, "What constitutes alimony, maintenance, or support, will be determined under the bankruptcy laws, not State law." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 363, 364 (1978); S.Rep. No. 95–989, 95th Cong., Second Sess. 1977–79 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787, 6320. This Court is in agreement with the bankruptcy court's decision that the property settlement agreement was in

the nature of alimony, support, and maintenance. Consequently, such debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(5).

It is, therefore,

ORDERED, ADJUDGED and DECREED that the decision of the bankruptcy judge is hereby AFFIRMED.