In re Dusty Lee HOLLAND, Debtor.

Cynthia Ann HOLLAND, Plaintiff,

v.

Dusty Lee HOLLAND, Defendant.

Bankruptcy No. 584–50003.
Adv. No. 584–5034.

United States Bankruptcy Court,
N.D. Texas,
Lubbock Division.

Oct. 10, 1984.

Robert L. Duncan, Lubbock, Tex., for plaintiff.

Robert B. Wilson, Lubbock, Tex., Trustee.

Dennis O. Olson, Lubbock, Tex., for defendant.

## MEMORANDUM AND ORDER

BILL H. BRISTER, Bankruptcy Judge.

Cynthia Ann Holland, the former wife of Dusty Lee Holland, debtor, filed complaint under 11 U.S.C. § 523(a)(5), seeking to except from debtor's discharge his obligation to pay debts of the former community as those debts were described in a divorce decree and settlement agreement. The following summary constitutes findings of fact and conclusions of law after nonjury trial.

Dusty Lee Holland filed petition for order for relief under Chapter 7 of Title 11, United States Code, on January 6, 1984. One month earlier on December 2, 1983, a decree of divorce was entered in cause number 502,980 in 237th District Court of Lubbock County, Texas, styled In the Matter of the Marriage of Dusty Lee Holland and Cynthia Ann Holland and In the Interest of Laura Jeanne Holland, a Child. The trial judge had approved a settlement agreement entered into between the parties and incorporated the terms of that settlement in the decree of divorce. Among the provisions of the decree and of the settlement agreement was for Dusty Lee Holland to pay certain debts of the community and for Cynthia Ann Holland to pay certain other debts of the community. Specifically the debtor, Dusty Lee Holland, had agreed to make payments on the house mortgage held by Mortgage Investment Company. Until the house was sold and to pay debts to Homers, Montgomery Ward, VISA, Penneys, Revere Homes Inc. and the balance of principal and interest owed on a promissory note held by Texas Commerce Bank of Lubbock, Texas, secured by certificate of title lien against a 1977 Ford Maverick automobile. The Maverick automobile was awarded to Cynthia Ann Holland in the settlement agreement and the agreement concerning sale of the house provided that the Texas Commerce Bank debt would be first paid from the proceeds of sale of the house and, after certain other expenditures were made, the net proceeds of sale of the house would be divided equally between those parties.

Dusty Lee Holland did not make all of the payments on the house as he had agreed. The house was "on the market" for almost three months before it was sold. As a result of the failure of Dusty Lee Holland to make the monthly payments which he had agreed to make the November 1983, December 1983 and January 1984 house payments and late charges aggregating $2,387.00 were deducted from the proceeds of sale of the house. That deduction of almost $2,400.00 from sale proceeds resulted in only $585.09 remaining and there were no monies available to pay the Texas Commerce Bank indebtedness.

Dusty Lee Holland did not pay the Texas Commerce Bank indebtedness nor any of the remaining debts which he had agreed to pay. The bank has threatened repossession of the automobile if the debt with balance of $2,026.64 is not paid. Further, Cynthia Ann Holland has been required to assume the VISA indebtedness of $979.19 and demand has been made upon her by J.C. Penney Company to pay the balance of $1,216.25.

The debtor argues that his agreement to assume joint debts under the circumstances of this case does not constitute a nondischargeable indebtedness. He testified at the trial that he did not intend the agreement to pay some of the joint debts to be in the nature of support for his former wife but intended it only as a division of property and of liabilities.

■ The bankruptcy court, in determining whether a debtor's assumption of joint debts as part of a marriage separation agreement constitutes "nondischargeable support" must first ascertain whether the state court or the parties to the divorce intended to create an obligation to provide support through the assumption of the joint debts. *See In re Calhoun*, 715 F.2d 1103 (6th Cir.1983). The finding of intent, however, does not control the ultimate issue and the second determination is whether the assumption of joint debts was actually in the nature of support.... that is, whether the terms of the agreement or decree appear to be designed to satisfy a duty of support. *See In re Nunnally*, 506 F.2d 1024 (5th Cir.1975); *In re Haney*, 33 B.R. 6 (Bkrtcy.N.D.Ala.1983). It is a well established principle that the classification of the nature of a debt as a support obligation or a part of a property settlement is a question of federal bankruptcy law and not state law. H.R.Rep. No. 595, 95th Cong. 1st Sess. 364 (1977); S.Rep. No. 989, 95th Cong.; 2d Sess. 79 (1978); U.S.Code Cong. Admin.News 1978, p. 5787. However, Congress could not have intended the bankruptcy courts to ignore well developed state law principles of domestic relations in determining whether a particular loan assumption is "in the nature of support" for purposes of the Code. *In re Spong*, 661 F.2d 6 (2nd Cir.1981). Thus the Court must inquire whether the assumption has the *effect* of providing the support *necessary* to ensure that the daily needs of the former spouse and child are satisfied. The Court must look to the practical effect of the discharge of each joint debt upon the dependent spouse's ability to sustain daily needs.

Finally the Court must determine that the amount of support represented by the assumption is not so excessive that it is manifestly unreasonable under traditional concepts of support. An excessive allowance is at odds with the "fresh start" concept underlying bankruptcy laws.

■ In order to ascertain the nature of a settlement agreement there must be an examination of the award as found in the original decree of divorce. *Erspan v. Badgett*, 647 F.2d 550 (5th Cir.1981). The factors to be considered in determining whether the debts owed to a former spouse are dischargeable include

1. Whether children were born of the marriage;

2. The parties respective levels of income;

3. Whether there was a division property and a division of debts relating thereto;

4. Whether the former spouse had shown a need for support at the time of divorce;

5. Whether the former spouse was shown, at the time of divorce, to have suffered in the job market or was otherwise disadvantaged because of any dependent position held in relation to the debtor during the marriage;

6. The age and health of the former spouse;

7. The economic disparity between the parties; and

8. Whether the terms of the settlement agreement indicated that the obligation was support rather than a property division. *See In re Wellman*, 32 B.R. 974 (Bkrtcy.N.D.Ill.E.D.1983); *In re Cartner*, 9 B.R. 543 (Bkrtcy.M.D.Ala.1981).

No one of the above factors is determinative of the issue and the totality of the circumstances must be considered. At the time of divorce Dusty Lee Holland was a person of good health who was gainfully employed at a pay rate approximately twice that of Cynthia Ann Holland. He had agreed to pay child support of $250.00 per month, but the statement that was attrib-

uted to him that he could not make higher child support payments because otherwise he could not make the payments on the bills was unchallenged. He did acknowledge that he pushed for a quick resolution of the divorce and "wanted it over with". There was no material change in the circumstances of his financial condition between the time of the December 2, 1983 divorce and settlement agreement and January 6, 1984 when he filed the petition in bankruptcy.

It is apparent that the agreement by Dusty Lee Holland, and the court decree incorporating the agreement, for the payment by Dusty Lee Holland of the balance owed to Texas Commerce Bank, secured by certificate of title lien against the Maverick automobile, was intended by the parties to be in the nature of support. The amount of the child support award was such that it was necessary that Cynthia Ann Holland obtain and maintain gainful employment. Her automobile had been encumbered to make community expenditures and her ability to obtain and maintain employment depended upon her possession of an automobile. The parties recognized her lower earning capacity by the agreement that the lien against the automobile would be liquidated from proceeds of sale of the house and, if not so liquidated, paid by Dusty Lee Holland. If Dusty Lee Holland had followed through with his agreement to make the mortgage payments there would have been monies available to pay the lien on the automobile. The fact that he filed bankruptcy only one month after he entered into the agreement to make those payments is revealing as to his good faith in making those promises.

Not only did the parties intend that agreement to be in the nature of support, it was actually in the nature of support. An unencumbered automobile was necessary to ensure that the daily needs of Cynthia Ann Holland and the child were met.

Finally the amount of debt represented by the balance owed to the bank is not so great that it is unreasonable for Dusty Lee Holland to pay it. As mentioned earlier, his earning capacity is twice that of Cynthia Ann Holland and it should permit him to maintain his second family and liquidate the Texas Commerce Bank debt.

The amount of money evidenced by the balance of $2,026.64 owed to Texas Commerce Bank, secured by certificate of title lien on the automobile, should be excepted from the debtor's discharge.

I am not persuaded that Cynthia Ann Holland has met her burden to demonstrate that the remaining debts which Dusty Lee Holland had agreed to pay should be excepted from his discharge. Contrary to the intent of the parties concerning the debt on the automobile it appears that their intent on the remaining debts was to divide the property and divide the debts relating thereto.

It is, therefore, ORDERED by the Court that the debt of $2,026.64 owed to Texas Commerce Bank be, and it is hereby, excepted from the discharge of Dusty Lee Holland, debtor.

It is further ORDERED by the Court that the remaining debts which Dusty Lee Holland had agreed to pay, be, and they are hereby, discharged.

LET JUDGMENT BE ENTERED ACCORDINGLY.