**In re M. Dana KELLEY, Debtor,**

**Bobbett HOLLOWAY f/k/a Bobbett Keith Kelley, Plaintiff,**

**v.**

**Milton Dana KELLEY, Defendant.**

**Bankruptcy No. 91–48566–H5–7. Adv. No. 92–4071.**

United States Bankruptcy Court, S.D. Texas, Houston Division.

Sept. 29, 1992.

Roy Keezel, Roy Keezel PC, Houston, TX, for debtor.

J. Mark Davis, Martin & Farley, Houston, TX, for plaintiff.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

KAREN KENNEDY BROWN,
Bankruptcy Judge.

Before the Court are cross motions for summary judgment filed on behalf of the parties to this adversary proceeding. This Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a), and the district court's general order of reference. This case is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

Plaintiff, Bobbett Holloway, a/k/a Bobbett Kelley ("Holloway"), moves for summary judgment that the support obligation contained in the Agreement Incident to Divorce ("Divorce Agreement") executed by Holloway and her ex-husband, Milton Dana Kelley ("Kelley") constitutes alimony and is, therefore, a nondischargeable obligation of Kelley pursuant to 11 U.S.C. § 523(a)(5).

Kelley regularly paid the support obligation pursuant to the terms of the divorce agreement to Holloway until the April 1, 1990 payment. Thereafter, he only made several sporadic payments and then made no payments after August 15, 1990.

Additionally, Holloway seeks summary judgment that the Deed of Trust that Kelley executed and delivered in consideration for the conveyance of Holloway's interest in the parties' homestead is valid. Holloway also claims that she is entitled to recover reasonable attorneys' fees and expenses incurred while prosecuting her claim regarding the divorce agreement.

Kelley opposes Holloway's motion for summary judgment, arguing that a question of material fact exists concerning the true intent of the parties regarding the divorce agreement. Kelley contends that the support obligation agreed to in the divorce agreement was intended as a division of the community estate, rather than alimony.

After reviewing the pleadings and the relevant case authority, it is the conclusion of this Court that Holloway's motion for summary judgment should be **GRANTED**.

■ While ordinarily Kelley is correct that this Court must evaluate the parties' intent when they entered into the divorce agreement and that such an inquiry involves a question of material fact, the Fifth Circuit in the *Matter of Davidson*, 947 F.2d 1294, 1296–97 (1991), when faced with facts similar to those in the case at bar, held that quasi-estoppel precluded the debtor husband from claiming that his payment obligation to his ex-wife was not in the nature of alimony, when he treated the payments as alimony for tax purposes. Consequently, this Court need not address evidence of intent when the case may be decided on the basis of estoppel.

In both the case at bar and *Davidson*, the debtor husband received tax benefits from treatment of the divorce agreement as requiring alimony payments. Kelley received the benefit of a tax deduction in tax years 1987, 1988, 1989, and 1990 based upon the characterization of the support payments as alimony in the divorce agreement. Simultaneously, Holloway included the payments from Kelley in her gross income during these same years and paid taxes on them. Their actions comport with the provisions they agreed to in the divorce agreement. Specifically, the Agreement requires that the support payments would "qualify as contractual alimony as that term is defined in Section 71(a) of the Internal Revenue Code of 1954, ... and are intended to be includible in the gross income of Receiving Party under section 71(a) of the Code and deductible by the Paying Party under section 215(a) of the Code." Agreement Incident to Divorce §§ 3.04 and 3.05, Kelley Deposition Ex. 3.

■ The reasoning of *Davidson* controls the case at bar. A spouse should not be permitted to successfully argue that support payments were not alimony after he or she has reaped a benefit from classifying them as such for tax purposes. This is especially true when, as in this case, the parties to a divorce agreement have unambiguously distinguished payments referred to as "alimony" from the division of marital property.

With respect to the homestead note executed by Kelley and payable to Holloway and the Deed of Trust securing that note, Kelley does not object to the validity of

Holloway's second lien on the parties' homestead, 1622 Lake Shore Drive, Kingwood, Texas. Kelley avers that he is current on the payments on the note, and Holloway does not challenge this assertion.

■ Article 6.15 of the divorce agreement provides for payment of the reasonable attorneys' fees and expenses of a party incurred in successfully prosecuting or defending a suit under the divorce agreement against the other party or the other party's estate. Where a party has contracted to pay attorneys' fees for the collection of a non-dischargeable debt, the fees will also be non-dischargeable in bankruptcy. *Jordan v. Southeast Nat'l. Bank (In re Jordan)*, 927 F.2d 221, 226–28 (5th Cir.1991).

■ Accordingly, Holloway should receive reasonable attorneys' fees in the amount of $7,500.00 plus court costs and expenses. Further, Holloway is instructed to submit a Final Judgment to the Court which includes a final calculation of the amount for which Kelley is in default.

Kelley's cross-motion for summary judgment is hereby **DENIED**.