**In re Danny Ray COX, Debtor.**

**Danny Ray Cox, Plaintiff,**

**v.**

**Teddi Kay Cox, Defendant.**

**Bankruptcy No. 02–44796–S.**
**Adversary No. 02–04330.**

United States Bankruptcy Court,
E.D. Texas,
Sherman Division.

April 22, 2003.

---

Patrick J. Schurr, Collins, Norman & Basinger, Dallas, TX, for Debtor/Plaintiff.

Michelle A. Mendez, Larson, King LLP, Dallas, TX, for Defendant.

## MEMORANDUM OPINION

DONALD R. SHARP, Chief Judge.

Now before the Court for consideration is the Defendant's Motion For Summary Judgment and Brief in Support filed by Teddi Kay Cox ("Movant"). The Court considered the pleadings filed, the attachments thereto and the record in this case. This opinion constitutes the Court's findings of fact and conclusions of law to the extent required by Fed.R.Bankr.Proc. 7052.

## FACTUAL AND PROCEDURAL BACKGROUND

Danny Ray Cox, the Debtor and Plaintiff in the Adversary Proceeding (the "Debtor"), filed a voluntary petition under Ch. 11 on September 4, 2002. His ex-wife, Teddi Kay Cox ("the Defendant" or "Movant") promptly filed (1) a motion for relief from stay to pursue litigation against the Debtor in a divorce enforcement proceeding filed by her against Danny Cox under Cause No. 199–52476–99 pending in the 199th Judicial District Court; (2) a motion to compel turnover of property; (3) a motion to convert case, and (4) a motion to prosecute Chapter 5 Causes of Action. The Movant is Debtor's major, but not sole, creditor. The Coxes were married in 1976. Their dispute before this Court arises from their Agreed Decree Of Divorce executed July 6, 2000("Agreed Decree"). Movant filed an enforcement action respecting same in the 199th Judicial District Court. That Court entered an order in April, 2002, finding Danny Cox in violation of the Agreed Decree and remanding him to the custody of the Sheriff of Collin County, Texas. Further action on enforcement was stayed as a result of the filing of the bankruptcy petition. By agreement of the Coxes, a bankruptcy examiner was appointed. A month later, the case was converted to a case under Chapter 7 after a contested hearing and a Chapter 7 Trustee was appointed.

The Debtor filed the Complaint To Determine Dischargeability of Debt, as thereafter amended, seeking this Court's order determining the debt owed by Danny Cox under the Agreed Decree dischargeable pursuant to §§ 523(a)(5) and (a)(15), alleging such indebtedness is "neither maintenance, alimony or support of the Defendant" and alleging that the benefit to the Debtor of discharging such debt outweighs the detriment to the Defendant. The Debtor contends in his Complaint that the debt identified as "spousal maintenance" under the Agreed Decree is "actually a property settlement agreement ... to settle the property division in the divorce". Teddi Kay Cox answered and counterclaimed for a determination that all Danny Cox's obligations under the Agreed Decree are nondischargeable. A motion to dismiss the adversary was denied. The Debtor filed a motion to dismiss the underlying bankruptcy case subsequent to the filing of the Motion and Response at bar. There are currently pending numerous Motions For Protective Orders and Motions to Quash respecting discovery.

Defendant filed the Motion For Summary Judgment, the matter was set for hearing and the Debtor responded objecting to the relief and seeking a judgment in accordance with the relief sought in the Complaint.

## DISCUSSION

Summary judgment is appropriate in bankruptcy proceedings when there is no genuine issue of material fact and moving party is entitled to judgment as a matter of law. *In re McCafferty,* 96 F.3d 192 (6th Cir.1996). The burden of establishing the nonexistence of a "genuine issue" is on the party moving for Summary Judgment. *Celotex v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). One cannot rest on the mere allegations of the pleadings. In *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), the Court held that (1) only disputes over facts that might legitimately effect the outcome are material under Rule 56; (2) the test for determining whether a genuine issue of material fact exists is the same as the test for granting a directed verdict (i.e. whether the evidence is sufficient to sustain a verdict for the nonmoving party); and (3) in applying the test the court must view the evidence in the light most favorable to the non-movant and assess its sufficiency according to the evidentiary burden imposed by the controlling substantive law. Under Rule 56(e), the adverse party may not rest on mere denials or allegations of the pleadings but must "set forth specific facts" that demonstrate the existence of a genuine issue for trial.

The Motion for Summary Judgment seeks to resolve multiple issues. It can only be partially granted by this Court. The major issues sought to be resolved by the Motion For Summary Judgment are: (a) determination of the dischargeability *vel non* of the indebtedness under the Agreed Decree of Divorce and the Order on Petition, including determination of whether such obligations are in the nature of maintenance, alimony or support as contemplated in § 523(a)(5); (b) a determination of the dischargeability *vel non* of the attorneys fees and costs incurred by Teddi Kay Cox in enforcing such obligations and (c) the issue of whether the benefit to Danny Cox of discharging such obligation outweighs the harm to Movant. Movant also asks for (d) summary judgment on the Motion For Relief From Stay to proceed with litigation in the 199th Judicial District Court which was administratively consolidated into the Adversary Proceeding. Finally, Teddi Kay Cox counterclaims for (e) a determination that the Debtor be compelled to perform on certain unperformed obligations imposed under the Agreed Decree.

The evidence attached to the Motion For Summary Judgment is as follows:

(1) a copy of the Amended Complaint;

(2) a copy of the Defendant's Original Answer;

(3) a copy of the Agreed Final Decree of Divorce;

(4) a copy of the Agreement Incident To The Divorce;

(5) a copy of a reporter's record from Trial Court Cause No. 199–52476–99—in the 199th Judicial District Court of Collin County, Texas—highlighted together with certification (photocopied);

(6) a highlighted copy of the Debtor's Form 1040 Individual Income Tax Return for the year 2000 prepared by a tax preparer and CPA, not signed, nor certified—highlighted indicating alimony paid in the amount of $52,026;

(7) a copy of the Debtor's Corporate Tax return Form 1120 for the year 2000 indicating profit in the amount of $1,926,962 also prepared by a tax preparer and CPA and unsigned;

(8) the first Amended petition To Modify And For Declaratory Judgment;

(9) highlighted excerpts from the deposition of Teddi Cox in Cause No. 199–52476–99;

(10)highlighted excerpts from the deposition of Danny Cox in Cause No. 199–52476–99;

(11)Danny Cox's Trial Brief in the aforementioned lawsuit;

(12) a copy of the reporter's record of portions of a transcript in the aforementioned cause from a hearing on a Motion To Reopen the Court's Ruling together with certification but in photocopy form;

(13) a copy of the Order on Petition For Enforcement of Spousal Maintenance from the aforementioned Cause bearing indicia of certification;

(14) Examiner's Report filed in the underlying bankruptcy case and previously admitted into evidence in this Court in this case;

(15) an analysis of the Debtor's schedules;

(16) the Debtor's Response In Opposition To Teddi Cox's Motion For Relief From Automatic Stay filed in this Court;

(17) a copy of the Debtor's Schedules filed in this Court in the underlying bankruptcy case;

(18) a copy of Teddi Kay Cox's First Amended Motion For Relief From The Automatic Stay filed in this Court in the underlying bankruptcy case;

(19) a copy of this Court's Order Administratively Consolidating the First Amended Motion For Relief From Stay with this Adversary Proceeding filed in this Court in the underlying bankruptcy case;

(20) a transcript of the hearing in the underlying bankruptcy case in this Court on December 12, 2002;

(21) a copy of Danny Cox's First Answer To Petition For Enforcement in Cause No. 199–052476–99 not certified but bearing a fax signature for Danny Cox's counsel in the District Court matter; and

(22) a copy of the Amended petition For Enforcement of Spousal Maintenance filed in the aforementioned case but not certified.

Local Rule of Bankruptcy Procedure 7056 "Summary Judgments" states that Local District Rule CV–56 applies in adversary proceedings. Rule CV–56 (d) provides:

As used within this rule, "proper summary judgment evidence" means excerpted copies of pleadings, depositions, answers to interrogatories, admissions, affidavits, and other admissible evidence cited in the motion for summary judgment or the response thereto. The phrase "appropriate citations" means that any excerpted evidentiary materials that are attached to the motion or the response should be referred to by page and, if possible, by line. Any attached evidentiary materials should have the cited portions highlighted in the copy provided to the Court, unless the citation encompasses the entire page. The page preceding and following a highlighted page may be submitted if necessary to place the highlighted material in its proper context. Only relevant, cited-to excerpts of evidentiary materials should be attached to the motion or the response.

*Rule CV–56 (d)*

Exhibits 1, 2, 14, 16, 17, 18, 19, and 20 are admissible insofar as they are already part of the Court's record. The Agreed Decree of Divorce, Exhibit 3, has been previously authenticated in this Court and admitted into evidence; hence the copy of the Decree is proper summary judgment evidence. Exhibit 4 appears to be signed by both parties, however, it is not from this Court, it has neither been authenticated nor certified and is, therefore, not admitted. Exhibits 5, 10, 12 and 13 bear sufficient certification and authentication

to be found admissible by this Court and are admitted. Exhibit 9 is authenticated by Danny Cox insofar as he attached the same deposition to his Amended Complaint and certified it as "true and correct". Exhibits 8, 11 and 21 must be admitted with limitations. Those documents have been sworn to by Debtor's counsel under Fed. R.Civ.P. 11, however, the portions that are merely argument are given no greater weight than may be attributed to argument for evidentiary purposes. Exhibit 15 is not admitted as evidence. It appears to have been offered as an aid to the Court especially with respect to the relative harm of discharge to the parties or "hardship" issue; it is not probative. It has not been authenticated or signed. Exhibit 22 is not admitted as it is not probative.

Exhibits 6 and 7 purport to be copies of the Debtor's Form 1040 Individual Income Tax Return for the year 2000 and Form 1120 U.S. Corporate Income Tax Return for the same year. Neither has been signed by the Debtor although each purports on its face to have been prepared by the Debtor's accountant, John Furge, CPA, P.C.[1] Absent the Debtor's signature or some other form of authentication, this Court would not admit these photocopies as summary judgment evidence under most circumstances. In this case, however, the Plaintiff's Response In Opposition To Defendant Teddi Kay Cox's Motion For Summary Judgment (the "Response") elevates Exhibit 6 to an admissible status by admission and authentication. "Defendant relies on a prior tax return for the year 2000 to establish the fact that the Debtor took a deduction for the payments in the form of alimony." *Response, p. 10, ll. 7–8.* "Unfortunately, the Debtor has amended his return and paid taxes on those pay-

ments, consistent with the position that the payments were a form of a property settlement [internal cite omitted here]." *Response at p. 10, ll.9–11.* Exhibit 3 to the Response includes the identical Form 1040 as that offered by Movant as Exhibit 6. Response Exhibit 3 additionally includes the purportedly amended Form 1040; it is also unsigned by Debtor and dated 5/28/02. The Amended Form 1040, too, purports on its face to have been prepared by Debtor's accountant, John Furge. Therefore, Exhibit 6 is admitted. Exhibit 7 is not admitted.

The Court has considered and weighed the evidence, the record, the pleadings and the arguments of counsel. Based upon the foregoing, the Court has determined that the Motion for Summary Judgment filed by Defendant must be granted in part and denied in part.

(A). *Whether the debt is non-dischargeable alimony, maintenance or support or a dischargeable property settlement?*

This issue is not a matter of first impression before this Court. Previously, in *Deborah Ann Cooper O'Kelley v. Michael Grady O'Kelley (In re Michael Grady O'Kelley,* Case No. 99–41823), a case that came before this Court with similar facts, issues and in a like summary judgment posture, this Court ruled, in an electronically published opinion, that "where the Debtor has benefitted from them for tax purposes, the Debtor is estopped from claiming that his payments to Plaintiff under the Agreement Incident To Divorce incorporated into his Final Decree of Divorce are not alimony paid to a former spouse in connection with a separation agreement and 'actually in the nature of

---

1. The Debtor filed a Motion to have Mr. Furge appointed as his accountant when his case was still under Chapter 11 of Title 11 of the U.S.Code. The motion to appoint an accountant became moot when the case was converted to a Chapter 7 case.

alimony' as contemplated under § 523(a)(5)." In the O'Kelley case, this Court found that "the Debtor's indebtedness to Plaintiff under the terms of the Agreement Incident To Divorce and any attorneys' fees owed to Plaintiff under the Agreement Incident to Divorce [were] nondischargeable under 11 U.S.C. § 523(a)(5) and (15)."

The Debtor in the case at bar correctly argues that the Bankruptcy Court's determination of whether the debts under the Agreement are "actually in the nature of alimony, maintenance or support" under § 523(a)(5) of the Bankruptcy Code, *not merely designated as such,* and, therefore, nondischargeable, is a factual finding which must be supported by evidence. See *Fraser v. Fraser,* 196 B.R. 371, 374 (E.D.Tex.1996) and *Beaupied v. Chang (In re Chang),* 163 F.3d 1138 (9th Cir.1988) *cert. denied Chang v. Beaupied,* 526 U.S. 1149, 119 S.Ct. 2029, 143 L.Ed.2d 1039, 67 U.S.L.W. 3732 (1999). While a bankruptcy court is not bound by labels used by the parties or the state court that define an item as support or property settlement [e.g. *In re Williams,* 703 F.2d 1055 (8th Cir.1983)], neither is there any law to prohibit it from adopting that Court's characterization. Usually, in deciding whether to characterize an agreement as an alimony, maintenance or support obligation or a property settlement, a bankruptcy court must examine what function the parties intended the agreement to serve when they entered into it, and the same is a question of fact for the bankruptcy court to decide. *Boyle v. Donovan,* 724 F.2d 681 (8th Cir.1984) citing to *In re Williams, Supra* at 1057–58. However, there is an exception to this rule created by the doctrine of quasi-estoppel. "Quasi estoppel," forbids a party from accepting the benefits of a transaction or statute and then subsequently taking an inconsistent

position to avoid the corresponding obligations or effects. See *Matter of Davidson,* 947 F.2d 1294, 1297 (5th Cir.1991) citing to *Kaneb Servs., Inc. v. FSLIC,* 650 F.2d 78, 81 (5th Cir. Unit A July 1981) (citing *FPC v. Colorado Interstate Gas Co.,* 348 U.S. 492, 75 S.Ct. 467, 99 L.Ed. 583 (1955)) and to *Neiman–Marcus Group, Inc. v. Dworkin,* 919 F.2d 368, 371 (5th Cir.1990) (explaining Texas law of quasi estoppel). The facts in this case place it within the quasi-estoppel exception despite Debtor's argument to the contrary.

In O'Kelley, as here, the Court relied upon the Fifth Circuit's ruling in *In Matter of Davidson,* 947 F.2d 1294 (5th Cir. 1991). In *Davidson, Ibid.,* the Fifth Circuit Court of Appeals found that Mr. Davidson, who had deducted alimony payments from his income from 1983 through 1986 was estopped from claiming that his payment obligations to Mrs. Davidson were not in the nature of alimony in his subsequent bankruptcy case. The Court approved the reasoning of the Bankruptcy Court for the Western District of Texas in *In re Robinson,* 122 B.R. 502 (Bankr. W.D.Tex.1990): Mr. Robinson "should be estopped from now asserting these payments were mere property settlements, based upon his own characterization of the payments as alimony in his tax returns." *Davidson, Ibid.* at 1297 *citing to Robinson Ibid.* at 506. Thereafter, the Bankruptcy Court for the Southern District of Texas found likewise in a case in which the Debtor claimed payments as alimony to obtain tax benefits. *See In re Kelley,* 151 B.R. 790 (Bankr.S.D.Tex.1992).

Danny Ray Cox, the Debtor herein, relies on his subsequent amendment of the Form 1040 to support his argument that the payments were, in fact, paid to Teddi Cox or agreed to be paid to her as a property settlement and seeks to expunge the effect of this act from the record to be

148

considered by the Bankruptcy Court. The Debtor's testimony, as supported by the documentary evidence in the form of pleadings and Exhibit 6, is that he took the deduction when it was beneficial and expedient to do so. This Court has before it no admissible evidence that Cox truly amended the tax form 1040. Assuming without deciding that the amendment occurred, the conclusion that logically flows from the evidence before this Court—and Debtor's subsequent actions—is that he took the deduction when beneficial, then, when the benefit of discharging the debt as a whole exceeded the benefit to be obtained from the income tax deduction, he amended his tax return to support the discharge position being argued. The Response cites to the Debtor's Deposition (*Movant's Exhibit 10*) and offers this Court the following argument on this issue:

> "In fact, Defendant omits a material portion of the Debtor's quote on page 56 of his deposition that is illustrative[2]: "... *we used the alimony vehicle simply as a vehicle to pay out Teddi's property settlement over a period of time* (emphasis added) in an effort to perhaps gain some tax relief ...".[3]

This statement is indeed illustrative: it supports the fact that the Debtor contemplated the legal effect of his characterization of the payments as alimony, elected such characterization and actually received a tax relief benefit at a particular point in time as a result of such characterization.

In short, the Debtor has testified that in order to obtain the benefit of tax relief, i.e. quid pro quo, he agreed to characterize the monthly payments as alimony payments exactly as denominated by the 199th District Court in its orders and as argued now by Movant.[4] This admitted strategy defeats the Debtor's duress[5] and intent[6] arguments: the actions were informed business decisions both weighed and measured. The Doctrine of Quasi-estoppel forbids the Debtor adopting the inconsistent position now that the payments were not actually in the nature of alimony regardless of whether Debtor returned the tax relief benefit to the IRS subsequently in the hope of obtaining a "meatier bone": discharge. Such maneuvers are precisely those the doctrine aims at foreclosing.

**(B.)** *Whether to compel performance of unperformed obligations?*

Teddi Kay Cox counterclaims for a determination that unperformed obligations of Danny Ray Cox to transfer certain property under the Agreed Decree of Divorce are nondischargeable. This issue can be promptly disposed of for summary judgment purposes. Among the property at issue is a United Texas Bank certificate of deposit account number 2298 (the "CD"). Under the Agreed Decree of Divorce the Debtor was required to pay Teddi Cox 50% of the proceeds of the CD upon its maturity date. There is a material

**2.** The italics, bold and underlining emphasizing portions of the quotation are taken from the Response and are not this Court's editorialization.

**3.** This Court does not recognize as viable the "I was not trying to cheat my exspouse, I was *only* trying to cheat the government!" defense.

**4.** The Appendix to the Debtor's Response includes a copy of the transcript of the divorce prove up hearing. The Court gives weight to the District Court Judge's clarification at Page 11, ll.1–5 that the payments contemplated under the Divorce Decree would cease upon the death of Teddi Kay Cox and, presumably, not be payable to her estate.

**5.** Response at page 9.

**6.** Response at pp. 2, 4 and p. 6.

issue of fact as to whether the CD matured and as to whether it became property of the estate under § 541 of the Bankruptcy Code upon the filing of the petition or was previously disposed of by the Debtor; the determination of these questions affects the outcome of the question of whether the Debtor may discharge such obligation. Accordingly disposition of such issue remains for trial.

(C.) *Whether otherwise non-dischargeable debt may be discharged under 11 U.S.C. § 523(15)(B)—the "hardship" exception?*

■ The Debtor's Amended Complaint avers: the benefit to the Debtor of discharging such debt "outweighs the detriment to the Defendant". The admissible evidence taken in the light most favorable to the non-moving party for summary judgment purposes, is inconclusive on the issue. This issue remains for hearing. The burden at the hearing is Debtor's. *Gamble v. Gamble (In re Gamble)*, 143 F.3d 223, 226 (5th Cir.1998).

(D.) *Whether relief from the automatic stay is appropriate?*

The issues raised under the Motion for Relief From Stay which was consolidated into this matter by the Court's order have not been addressed by the Motion For Summary Judgment and remain to be heard.

(E.) *Whether this Court should grant Movant reasonable and necessary attorneys' fees and costs?*

"The court may award costs in a proceeding to enforce a property division under this subchapter as in other civil cases." *Texas Family Code § 9.013;* "The court may award reasonable attorney's fees as costs in a proceeding under this subchapter. The court may order the attorney's fees to be paid directly to the attorney, who may enforce the order for fees in the attorney's own name by any means available for the enforcement of a judgment for debt." *Texas Family Code § 9.014.*

■ The Supreme Court explained the American rule regarding attorney fees in *Alyeska Pipeline Service Company v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). The general rule is that each party to a lawsuit must bear his or her own costs and the prevailing litigant cannot collect attorney fees from the losing litigant as a general rule. There are five specific exceptions to the rule which allow attorney fees when (1) a statute authorizes them, (2) a provision in a contract allows them, (3) when a litigant has deliberately disobeyed a court order, (4) when a litigant has acted in bad faith, and (5) when a litigant recovers a common fund for the benefit of a group. Accordingly, Movant's case is among the exceptions insofar as there is a statute which provides for same and a contract in the form of the Agreed Decree. However, currently there is insufficient evidence before this Court on the issue of attorneys fees and expenses incurred. No detailed breakdown or accounting of amounts requested has been provided to the Court upon which it can determine whether amounts sought are reasonable and the expenses were necessary. This issue, accordingly, must remain for hearing and must be assessed in light of the resolutions of the currently unresolved issues before this Court.

## CONCLUSION

An evidentiary hearing is required to determine the reasonableness and necessity of attorneys' fees and expenses, the Debtor's ability or inability to pay his debts to Movant under 11 U.S.C. § 523(a)(15)(A) and (B), whether the auto-

**150**

matic stay should be lifted to allow Movant to proceed in the enforcement proceeding in District Court and whether the Court should compel Debtor to perform certain obligations unperformed by him under the Agreed Decree. No genuine issues of material facts exist in dispute among the parties sufficient to deny the Motion for Summary Judgment as to the issue of whether the monthly payments at issue are in the nature of alimony, maintenance and/or support or are a dischargeable property settlement. The Debtor is estopped from denying that the disputed payments are other than spousal support as denominated in the District Court's records. As such, they are statutorily non-dischargeable. All relief plead pursuant to 11 U.S.C. § 523(a)(5) must be granted in favor of the Movant and against the Debtor except for a determination of the amount of attorneys' fees and costs incurred to be allowed as reasonable in connection with the services rendered by the firm of Larson, King, L.L.P. And Movant's prior counsel in the enforcement action and the Debtor's ability to pay same. Following trial on the merits, should this Court determine that the Debtor is unable to pay the indebtedness incurred in connection with the Agreement and Final Decree, that determination will effect the dischargeability of such debts. Until such findings have been made, the alimony payments contemplated pursuant to the Agreement are nondischargeable obligations together with all other amounts sought thereunder. The moving party is entitled to judgment as a matter of law having met her burden of establishing the nonexistence of a "genuine issue" for summary judgment purposes. *See Celotex, Supra,* 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An order will be entered accordingly.