In re Amy CHANG, Debtor.

Aleta Beaupied; George O. Ting, Plaintiffs–Appellants,

v.

Amy Chang, Defendant–Appellee.

No. 97–16760.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 1998.

Decided Dec. 30, 1998.

Kenneth R. Wachtel, Leland, Parachini, Steinberg, Matzger & Melnick, San Francisco, CA, for Plaintiff–Appellant Ting.

Brian J. McCaffrey, San Francisco, CA, for Plaintiff–Appellant Beaupied.

Michael Willemsen, Palo Alto, CA, for Defendant–Appellee Chang.

**1140**

Before: HUG, Chief Judge, FLETCHER, and TROTT, Circuit Judges.

TROTT, Circuit Judge:

George O. Ting and Aleta Beaupied appeal a judgment of the Bankruptcy Appellate Panel ("BAP"), reversing a bankruptcy court judgment in Ting and Beaupied's favor. The BAP concluded that Chang's debts to Ting and Beaupied arising from a child custody proceeding were not owed to a "spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child," 11 U.S.C. § 523(a)(5) (1994 & Supp. IV 1998), and that Chang's debts to Ting and Beaupied were therefore dischargeable and not entitled to priority. We have jurisdiction under 28 U.S.C. § 158(d) (1994), and we reverse and remand.

## I

### Background

Ting and Chang, respectively the out-of-wedlock father and mother of minor child Lindsay Chang, were embroiled in a bitter custody dispute over Lindsay, in which Beaupied was a court-appointed guardian ad litem to Lindsay. Chang accused Ting, falsely as it turned out, of sexually abusing Lindsay, requiring the expenditure of thousands of dollars in neutral experts' fees and health professionals' expenses to sort out the charges in court and for Lindsay's mental well-being. Under the California Family Code, Ting and Chang became responsible in the custody proceedings for these expenses and for Beaupied's guardian ad litem fees. At the conclusion of the custody proceedings, the court apportioned between Chang and Ting responsibility for nearly $100,000 in total expenses.

Because Ting had already paid much of the expense for the health professionals and neutral experts, the court order required Chang to reimburse Ting for the amounts paid in excess of his share. Chang was responsible to pay her share of the guardian ad litem fees directly to Beaupied.

Chang then filed for Chapter 13 bankruptcy and proposed a plan, which provided zero payment to unsecured creditors including Ting and Beaupied. Ting and Beaupied objected to the plan on the basis that Chang's debts were nondischargeable under § 523(a)(5). Ting and Beaupied also argued that the debts were entitled to priority under 11 U.S.C. § 507(a)(7) (Supp. IV 1998).

## II

### Standard of Review

 We review the bankruptcy court's decision independently, without deference to the BAP. *In re Saylor,* 108 F.3d 219, 220 (9th Cir.1997). The standard of review is de novo for legal questions and clearly erroneous for factual questions. *In re Bammer,* 131 F.3d 788, 792 (9th Cir.1997) (en banc). Mixed questions of law and fact are reviewed de novo. *Id.*

## III

### Dischargeability

 The § 523(a)(5) exception to discharge strikes a balance between competing policies. On the one hand, the goal of providing a "fresh start" to the bankrupt debtor requires that exceptions to discharge be confined to those plainly expressed. *In re Klapp,* 706 F.2d 998, 999 (9th Cir.1983). On the other hand, this court has recognized "an overriding public policy favoring the enforcement of familial obligations." *Shaver v. Shaver,* 736 F.2d 1314, 1316 (9th Cir.1984).

 When determining whether a particular debt is within the § 523(a)(5) exception to discharge, a court considers whether the debt is "actually in the nature of ... support." *Id.* at 1316. This question is a factual determination made by the bankruptcy court as a matter of federal bankruptcy law. *In re Sternberg,* 85 F.3d 1400, 1405 (9th Cir.1996), *rev'd on other grounds, In re Bammer,* 131 F.3d 788 (9th Cir.1997) (en banc). A relevant factor for the bankruptcy court to consider when making this determination is how the particular state law characterizes the debt. *In re Catlow,* 663 F.2d 960, 962–63 (9th Cir.1981).

California law permits the state court to appoint and provide for the compensation of

a guardian ad litem, neutral experts, and mental health professionals, in consideration of Lindsay's best interests. Cal. Fam.Code §§ 3150, 3153, 3190, 4062 (West 1994 & Supp. 1998). The bankruptcy court considered the California law creating the debt and independently held that it created an obligation of support. *In re Doe*, 193 B.R. 12, 16 & n. 9 (Bankr.N.D.Cal.1996).

The bankruptcy court's well-reasoned conclusion finds support in this court's *Catlow* opinion, decided under the former 11 U.S.C. § 35(a)(7) (1976). In *Catlow*, attorney's fees awarded to the bankrupt's former spouse, incurred in a child custody proceeding, were nondischargeable as spousal support. 663 F.2d at 961, 963. The ex-spousal relationship at issue in *Catlow* does not distinguish that case from the instant case, because both the Bankruptcy Code and the former Act treat child support and spousal support as nondischargeable. The bankruptcy court did not clearly err in finding that Chang's debts to Ting and Beaupied are in the nature of Lindsay's support.

■ We next consider whether the identity of the payee requires affirming the BAP. The § 523(a)(5) exception to dischargeability applies on its face only to debts owed "to" a child or former spouse. In the instant case, the BAP held that because Beaupied's, the neutral experts', and the health professionals' fees were owed to individuals other than Lindsay, § 523(a)(5) did not apply. *In re Chang*, 210 B.R. 578, 583 (9th Cir. BAP 1997).

Fees paid to third parties on behalf of a child or former spouse can be "as much for ... support as payments made directly to [the former spouse or child]." *Catlow*, 663 F.2d at 962–63. We hold in the instant case that the identity of the payee is less important than the nature of the debt. Thus, although Chang does not owe money directly to Lindsay, because Chang's debts to Ting

and Beaupied are in·the nature of support of Lindsay, they are nondischargeable.

Every circuit to consider this precise issue has held likewise. The Eighth Circuit,[1] in *In re Kline*, 65 F.3d 749, 751 (8th Cir.1995), specifically considered whether holdings under the prior Act remained vital under the Code. The *Kline* court held that "the statute continues to except from discharge attorney fees, even if payable to an attorney rather than to a former spouse, if such fees are in the nature of maintenance or support of the former spouse or of the child of the debtor." *Id.*

In *In re Miller*, 55 F.3d 1487, 1488 (10th Cir.1995), the Tenth Circuit asked whether guardian ad litem and psychologist fees, incurred in divorce and child custody proceedings and ordered to be paid directly to the guardian ad litem and psychologist, were dischargeable. The court held that the appropriate emphasis was on whether the debt was in the nature of support and not on the identity of the payee. *Id.* at 1490. In so holding, the Tenth Circuit rejected a lower court's plain-language interpretation that, similar to the one here, would have required the debt to be payable to the child or former spouse. *Id.* at 1488, 1490; *see also In re Jones*, 9 F.3d 878, 881–82 (10th Cir.1993) (holding that attorney's fees incurred in a custody action were nondischargeable under § 523(a)(5)).

In *In re Dvorak*, 986 F.2d 940, 941 (5th Cir.1993), the Fifth Circuit considered the dischargeability of a child's guardian ad litem fees and an ex-spouse's attorney's fees in a custody proceeding following a divorce. Noting that the hearing for which the fees were incurred was "clearly for [the child]'s benefit and support," the court held that a court-ordered obligation to pay the fees was nondischargeable under § 523(a)(5). *Id.; see also In re Hudson*, 107 F.3d 355, 357 (5th Cir.1997) (holding nondischargeable attor-

---

1. The Eighth Circuit's *Adams v. Zentz*, 963 F.2d 197 (8th Cir.1992), decision does not contravene our holding today. The district court had held, as a matter of the relevant state law, that the child's best interests were not necessarily the dispositive consideration in a custody contest. *Id.* Further, the bankruptcy court had found that· because neither parent posed a threat to the child's health or welfare, the debt to the former

spouse's attorney arising from the custody battle was not in the nature of support. *Id.* at 200. In the instant case, by contrast, California law dictates that Lindsay's best interests control the appointment of a guardian ad litem, health professionals, and neutral experts. The bankruptcy court found as a factual matter that the expenses incurred were in the nature of support.

ney's fees owed directly to an attorney from a paternity suit).

The Second Circuit, the first to consider this issue under the current Bankruptcy Code, looked to the legislative history of § 523(a)(5) to determine that the nature of the debt was more important than the identity of the payee. *In re Spong*, 661 F.2d 6, 9–10 (2d Cir.1981). The *Spong* debtor had been ordered to pay the former spouse's attorney's fees, and the court held that "it would be exalting form over substance to fail to treat appellee's agreement to pay his wife's counsel fee" as nondischargeable. *Id.* at 11.

### IV

#### Priority Nature of the Debts

The Bankruptcy Code also grants priority to "allowed claims for debts to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child." § 507(a)(7) (Supp. IV 1998). This language is identical to that in § 523(a)(5), which creates the exception to discharge. We agree with the bankruptcy court's holding that application of § 507(a)(7) should be coincidental with application of § 523(a)(5). *In re Doe*, 193 B.R. at 15. In the instant case, Beaupied and Ting are entitled to priority in Chang's chapter 13 plan.

REVERSED and REMANDED.