In re: Paul A. WAGSTAFF Debtor.

Darlene Smith; Keith Powers; Robert Malin, Plaintiffs–Appellees,

v.

Paul A. Wagstaff, Defendant–Appellant.

No. 99–35211.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 12, 2001 **.

Decided Feb. 7, 2001.

---

** The panel unanimously finds this case suitable for decision without oral argument.

Fed. R.App. P. 34(a)(2)

Before McKEOWN, W. FLETCHER,
and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Paul Wagstaff appeals the district court's judgment affirming the bankruptcy court's judgment, whereby the bankruptcy court granted a motion brought under Federal Rule of Civil Procedure 60(b) by Darlene Smith, Keith Powers, and Robert Malin (collectively "Smith"). Prior to Smith's Rule 60(b) motion, on Smith's motion for summary judgment, the bankruptcy court held, in relevant part, that a treble damages award for securities fraud is dischargeable. Before the time for appeal had run, however, the Supreme Court handed down a decision holding that a treble damages award is not dischargeable. *See Cohen v. De La Cruz,* 523 U.S. 213, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998).

After the time for appeal had run, Smith filed a Rule 60(b) motion for relief from judgment in light of *Cohen,* and the bankruptcy court granted the motion. Wagstaff filed a timely appeal to the district court, which affirmed the bankruptcy court's judgment, holding that Smith is entitled to relief from judgment under the "excusable neglect" provision of Rule 60(b)(1) or, alternatively, under Rule 60(b)(6). We affirm.

We review de novo the district court's decision on appeal from a bankruptcy court and apply the same standard of review applied by the district court. *See Gruntz v. County of Los Angeles (In re Gruntz),* 202 F.3d 1074, 1084 n. 9 (9th Cir.2000) (en banc); *Beaupied v. Chang (In re Chang),* 163 F.3d 1138, 1140 (9th Cir.1998), *cert. denied,* 526 U.S. 1149, 119 S.Ct. 2029, 143 L.Ed.2d 1039 (1999). Questions concerning the coverage and interpretation of the federal rules of civil procedure are legal questions and are reviewed de novo. *Beckman Indus., Inc. v. International Ins. Co.,* 966 F.2d 470, 472 (9th Cir.1992). If Rule 60(b) applies, the grant or denial of a motion under that rule is reviewed for an abuse of discretion. *See De Saracho v. Custom Food Mach., Inc.,* 206 F.3d 874, 880 (9th Cir.), *cert. denied,* 531 U.S. 876, 121 S.Ct. 183, 148 L.Ed.2d 126 (2000).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Under Rule 60(b)(1), a court may relieve a party from a final judgment because of "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1). The Supreme Court has confirmed that " 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (addressing "excusable neglect" with respect to Fed. R. Bankr.P. 9006(b) but analyzing the term as used in Rule 60(b)); *accord Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381–82 (9th Cir. 1997) (concluding that *Pioneer* Court's interpretation of "excusable neglect" applies to Rule 60(b)(1)).

In determining whether neglect is "excusable," a court must consider all the circumstances, including (1) the danger of prejudice to the adverse party; (2) the length of any delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the moving party acted in good faith. *See Pioneer*, 507 U.S. at 395, 113 S.Ct. 1489; *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir.2000); *Briones*, 116 F.3d at 381–82 & n. 1. "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect," *Pioneer*, 507 U.S. at 392, 113 S.Ct. 1489, "that possibility is by no means foreclosed." *Briones*, 116 F.3d at 382. Indeed, since *Pioneer*, we have construed "excusable neglect" to include counsel's negligence and carelessness. *See Bateman*, 231 F.3d at 1224–25 (remanding to the district court with instructions to grant Rule 60(b)(1) relief where attorney failed to respond to summary judgment motion because of "negligence and carelessness").

Smith's conduct here constitutes "excusable neglect." The law governing the case changed before the time for appeal had lapsed. Because the bankruptcy court expressed its intent to vacate its prior judgment on that basis under Federal Rule of Civil Procedure 59(d), Smith did not appeal. After the time for appeal had run, Smith realized that the bankruptcy court's Rule 59(d) initiative was untimely. Smith then made the Rule 60(b) motion with little delay.

Because Rule 60(b)(1) applies, Rule 60(b)(6) does not. *See Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1338 (9th Cir.1986) ("A motion brought under [Rule] 60(b)(6) must be based on grounds other than those listed in the preceding clauses."). As such, there was no need for the district court to address Rule 60(b)(6), nor do we need to reach this issue.

AFFIRMED.