**Marian HUARTE, Appellant,**

v.

**Dana Elmore CLARK, Jr., Appellee.**

No. 00–55990.

BAP No. CC–99–01354–BKD.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 7, 2001.

Decided Dec. 4, 2001.

Before SCHROEDER, Chief Judge, TROTT and RAWLINSON, Circuit Judges.

MEMORANDUM *

Mariah Jean Huarte ("Huarte") appeals the Bankruptcy Appellate Panel's ("BAP") decision affirming the bankruptcy court's judgment in favor of Dana Elmore Clark Jr. ("Clark"). The BAP and the bankruptcy court held that the record lacked evidence proving willful and malicious injury pursuant to 11 U.S.C. § 523(a)(6) (2001), and therefore, the debt Clark owed to Huarte was discharged. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.

The facts are well known to the parties and will not be repeated here.

1. Nondischargeability For Willful and Malicious Injury

Although we appreciate the excellent work of the BAP, we review independently the findings of the bankruptcy court. *Beaupied v. Chang (In re Chang),* 163 F.3d 1138, 1140 (9th Cir.1998). We review findings of fact for clear error and conclusions of law de novo. *Id.*

The bankruptcy code excepts from discharge any debt "for willful and malicious injury by the debtor to another entity." 11 U.S.C. § 523(a)(6). The Supreme Court has interpreted "willful" to modify "injury." *Kawaauhau v. Geiger,* 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). In order to deny a discharge under § 523(a)(6), the debtor must have intended the consequences of his action and not just the action itself. *Id.*

Subsequently, we have held that "the willful injury requirement of § 523(a)(6) is met when it is shown either that the debtor had a subjective motive to inflict the injury or that the debtor believed that injury was substantially certain to occur as a result of his conduct." *Petralia v. Jercich (In re Jercich),* 238 F.3d 1202, 1208 (9th Cir.), *cert. denied,* —— U.S. ——, 121 S.Ct. 2552, 150 L.Ed.2d 718 (2001).

In order for Huarte's debt to be excepted from discharge under § 523(a)(6), she must show that, at the time of the injury, Clark intended the injury or was substantially certain injury would occur. Huarte contends the settlement agreement satisfies her burden. The settlement agreement, however, does not establish Clark's intent when the actions were taken; rather, it was a concession, several years later,

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

that Huarte, at the time of this unfortunate episode, was incapable of consent. In fact, nothing in the record indicates that, at the time, Clark intended to harm or was substantially certain that harm would befall Huarte. The only evidence in the record is Clark's own testimony that he did not intend to hurt Huarte and he believed at the time that the encounter was consensual. Because Huarte failed to show that any injury suffered was willful on Clark's part, her debt is discharged in bankruptcy.

AFFIRMED.