FILED

JAN 31 2012

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | | |
|---|---|---|
| In re: | ) | BAP No.   AZ-11-1185-KiClJu |
| | ) | |
| CORNELIUS LEROY LILLY, | ) | Bk. No.   10-26590 |
| | ) | |
| Debtor. | ) | Adv. No. 10-2006 |
| _____ | ) | |
| | ) | |
| CORNELIUS LEROY LILLY, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **M E M O R A N D U M**[1] |
| | ) | |
| SHELLY SMITHSON, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Submitted Without Oral Argument
on January 18, 2012[2]

Filed - January 31, 2012

Appeal from the United States Bankruptcy Court
for the District of Arizona

Honorable George B. Nielsen, Bankruptcy Judge, Presiding

_____

Appearances:   Appellant Cornelius Leroy Lilly pro se on brief;
David W. Elston and Todd M. Akin of Jennings,
Strouss & Salmon, PLC on brief for Appellee Shelly
Smithson.

_____

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[2] On January 5, 2012, the Panel entered an order granting appellee's motion to submit on the briefs and appellate record.

Before: KIRSCHER, CLARKSON,[3] and JURY, Bankruptcy Judges.

Appellant, chapter 7[4] debtor Cornelius Leroy Lilly ("Lilly"), appeals a bankruptcy court judgment determining that debts owed by Lilly to his former spouse, appellee Shelly Smithson ("Smithson"), were nondischargeable under either § 523(a)(5) or § 523(a)(15). We AFFIRM.[5]

---

[3] Hon. Scott C. Clarkson, United States Bankruptcy Judge for the Central District of California, sitting by designation.

[4] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

[5] Tabs 2 through 5 in Lilly's record contain items not presented before the bankruptcy court. The items consist of Lilly's mortgage payment history, foreclosure related documents, Lilly's 2010 W-2, and Lilly's weekly pay stubs from February 2011 through July 2011. In her response brief, Smithson moved to strike Tabs 2 through 5. On August 15, 2011, Lilly filed a "Motion to Admit Evidence," requesting that Tabs 2 through 5 be allowed in the record. The clerk's office issued an order allowing Lilly to file a response specifying when and at what docket entry number these items were filed, or what filed entry they may have been attached to, in either the adversary proceeding or main case. The motion and any response were to be forwarded to the merits panel for consideration.

Lilly filed a response to the clerk's order on November 10, 2011. He failed to specify when or at what docket entry any of the documents in Tabs 2 through 5 had been filed. However, Lilly proceeded to attach four entirely different documents to the response, claiming that these documents had been "attached to the original bankruptcy filing," and requested that the Panel consider them. These documents include: one page of Lilly's Schedule F, a certificate of notice, a mailing matrix, and a copy of Lilly's discharge.

We will not consider Tabs 2 through 5 of Lilly's record because these documents were not presented before the bankruptcy court, and they are irrelevant in any event. Kirshner v. Uniden Corp. of Am., 842 F.2d 1074, 1077 (9th Cir. BAP 1997)(panel cannot consider items not presented to the bankruptcy court when making its decision). As for the four "new" documents Lilly attached to his response, while they were filed in the bankruptcy court, they too are irrelevant to this appeal, and we need not consider them.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

**A.    The Divorce Decree and Related Judgments.**

Lilly and Smithson were married in 1996.  During the marriage, they had two children, both of whom are still minors. Lilly filed a petition for dissolution of marriage with the Superior Court of Arizona, Maricopa County, ("State Court") in July 2009.  On February 1, 2010, the State Court signed a minute entry dated January 22, 2010, constituting the formal order for the dissolution of marriage, division of community property, child custody, and related matters ("Divorce Decree").  The Divorce Decree was entered on February 2, 2010.

The State Court held a further evidentiary hearing regarding the Divorce Decree on May 26, 2010, to address certain outstanding issues, including custodial arrangements and Smithson's attorney's fee request under A.R.S. § 25-324.[6]  In an order dated May 26, 2010, and entered on June 2, 2010, the State Court awarded Smithson, <u>inter alia</u>, $575 per month for spousal maintenance and a judgment of $4,079.83 comprised of the

---

[6] In the case of dissolution, A.R.S. § 25-324 provides in relevant part:

> The court . . . after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings, may order a party to pay a reasonable amount to the other party for the costs and expenses of maintaining or defending any proceeding under this chapter . . . .  On request of a party . . . the court shall make specific findings concerning the portions of any award of fees and expenses that are based on consideration of financial resources and that are based on consideration of reasonableness of positions.  The court may make these findings before, during or after the issuance of a fee award.

following: $546.50 for debt equalization; $500.00 for Smithson's share of a rental security deposit refund; $3,000.00 for Smithson's personal property lost or destroyed by Lilly; and $33.33 for reimbursement for their daughter's medical bill. ("May 26, 2010 Order"). The State Court took the matter of Smithson's attorney's fees under advisement and ordered her to file a <u>China Doll</u> Affidavit setting forth the amount of her fees to date. The May 26, 2010 Order stated that such fees, whatever they turned out to be, would not be entered as a support order.

Smithson later submitted a <u>China Doll</u> Affidavit for her attorney's fees. Lilly filed no objection. On July 12, 2010, the State Court entered a judgment in favor of Smithson and her attorney, Charna Johnson, for "attorney's fees and costs incurred in the Dissolution of Marriage action in the sum of $10,000," plus interest (the "Attorney's Fee Award").

**B.    The Adversary Proceeding.**

Lilly filed a chapter 7 bankruptcy petition on August 23, 2010. He did not list any domestic support obligations in his Schedule E, but in his Schedule F he listed a debt in the amount of $10,000 to Charna Johnson for "attorney's fees (ex-wife's)," and a debt in the amount of $4,000 to Smithson for "judgment."

Smithson filed a nondischargeability complaint against Lilly on November 10, 2010, seeking to except from discharge Lilly's debts from the Divorce Decree, the May 26, 2010 Order, and the Attorney's Fee Award as support obligations under § 523(a)(5) or, alternatively, as debts incurred in the course of the dissolution proceedings under § 523(a)(15).

- 4 -

In his answer, Lilly acknowledged that the alleged debts were incurred in the dissolution proceedings, but denied that they were in the nature of a domestic support obligation. In short, Lilly disputed the underlying merits of the dissolution proceedings and the State Court's related orders. Lilly did not contest the monthly spousal maintenance and contended that he was current on the payments. Attached to Lilly's answer was a recent pay stub from his current employer.

On December 27, 2010, Smithson moved for summary judgment. Smithson contended that no genuine issue of material fact prevented a ruling that the debts at issue were nondischargeable under § 523(a)(15) because Lilly had admitted they were incurred in the course of the dissolution proceedings. Alternatively, Smithson contended that the spousal maintenance debt of $575 per month was in the nature of a domestic support obligation nondischargeable under § 523(a)(5), but the remaining debts were otherwise nondischargeable under § 523(a)(15).

Lilly's opposition to Smithson's motion consisted of a copy of his previously-filed answer to the complaint and five exhibits. The five exhibits included: (1) a copy of Lilly's pay stub reflecting "support" payments; (2) a portion of the May 26, 2010 Order reflecting what Lilly said was "proof of paternity;" (3) a daily school attendance record for the parties' son; (4) a copy of the son's report card; and (5) a letter from the son's basketball coach praising the son's performance.

The bankruptcy court held a hearing on Smithson's motion on

- 5 -

April 12, 2011.  Lilly contended that the debts at issue would cause him an undue hardship and affect his ability to care for his son, of whom he had custody, so they should be discharged under a "narrow exception" to the rule.

After explaining to Lilly that his arguments were better suited for the State Court, the bankruptcy court issued its oral ruling granting Smithson's motion for summary judgment. Specifically, the court found that the spousal maintenance of $575 per month was nondischargeable under § 523(a)(5), which Lilly conceded.  Carefully reviewing controlling authority and the State Court's findings in its May 26, 2010 Order, which stated that Smithson's attorney's fees "shall not be entered as a support order," the bankruptcy court found that the Attorney's Fee Award was in the nature of support and nondischargeable under § 523(a)(5).  Alternatively, it determined that the fees were nondischargeable as a divorced-related debt under § 523(a)(15). As for the judgment of $4,079.83, the bankruptcy court found that it was comprised of various debts created in the dissolution proceedings, so it too was nondischargeable under § 523(a)(15).[7]

On April 15, 2011, the bankruptcy court entered a judgment

[7] The bankruptcy court also found that any remaining debts incurred as a result of a hold harmless clause in the Divorce Decree and May 26, 2010 Order were also nondischargeable under § 523(a)(15).  Lilly never disputed such debts before the bankruptcy court.  In any event, he does not appear to contest this finding on appeal.  Lilly also does not contest the bankruptcy court's finding regarding the nondischargeability of the monthly spousal maintenance under § 523(a)(5).  Therefore, we address only the debts Lilly disputed before the bankruptcy court and that he contests on appeal: the Attorney's Fee Award and the judgment for $4,079.83.

- 6 -

consistent with its oral ruling.[8]  Lilly timely appealed.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 157 (b)(2)(I) and 1334.  We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUE

Did the bankruptcy court err in granting Smithson summary judgment determining that the debts at issue were nondischargeable under § 523(a)(15)?

## IV. STANDARDS OF REVIEW

The standard of review for legal questions is de novo and clearly erroneous for factual questions.  Beaupied v. Chang (In re Chang), 163 F.3d 1138, 1140 (9th Cir. 1998).  A finding is clearly erroneous when it is illogical, implausible, or without support in the record.  United States v. Hinkson, 585 F.3d 1247, 1261-62 (9th Cir. 2009)(en banc).

Summary judgment determinations are reviewed de novo.  Tobin v. Sans Souci Ltd. P'ship (In re Tobin), 258 B.R. 199, 202 (9th Cir. BAP 2001).  Viewing the evidence in the light most favorable to the nonmoving party, we must determine "whether there are any genuine issues of material fact and whether the trial court correctly applied relevant substantive law."  Id.

## V. DISCUSSION

Lilly's opening brief disputes the underlying merits of the dissolution proceedings and related State Court orders and

---

[8] Rather than issuing a separate order granting the motion, the court entered only a judgment which stated that the motion was granted in its entirety.

provides details of his current financial situation.
Unfortunately, these arguments are irrelevant to the issue of the nondischargeability judgment. The only argument Lilly raises somewhat relevant to this appeal, is that the debts at issue should be discharged because of the undue burden they will place on him. However, this argument lacks merit as we discuss below.

Although Lilly does not articulate the actual issues on appeal, we must construe pro se briefs liberally. Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 698-99 (9th Cir. 1990). Therefore, we review the record to see if it supports the bankruptcy court's decision to grant Smithson summary judgment.

**A.    The bankruptcy court did not err in alternatively finding that the Attorney's Fee Award was nondischargeable under § 523(a)(15).**

Section 523(a)(15) excepts from discharge a debt "to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record . . . ."

Notably, Lilly never disputed that the Attorney's Fee Award was not nondischargeable under § 523(a)(15); he only disputed it as a debt in the nature of support under § 523(a)(5). We conclude that the debt is nondischargeable under § 523(a)(15) because it was incurred by Lilly in the course of the divorce and is subject to a judgment in connection with the Divorce Decree.

We reject Lilly's argument for dischargeability of the fees due to his inability to pay. The cases Lilly cites in support of

- 8 -

his argument are no longer controlling law. A chapter 7 debtor's inability to pay was a defense to nondischargeability under § 523(a)(15) prior to the Bankruptcy Abuse Protection and Consumer Protection Act ("BAPCPA") of 2005. Prior to 2005, § 523(a)(15) provided that debts that are not support obligations but which were incurred in the course of a divorce or separation are nondischargeable unless either (1) the debtor lacks the ability to pay the debt, or (2) discharging the debt would result in a benefit to the debtor that outweighs the detrimental consequences to the spouse, former spouse, or child of the debtor. Former § 523(a)(15)(A), (B). However, BAPCPA eliminated the balancing test provided in subsections (A) and (B) from the statute. As a result, in individual cases under chapter 7 any debts incurred in the course of a divorce or in connection with a divorce decree that are not in the nature of support under § 523(a)(5) are still nondischargeable under § 523(a)(15).

Accordingly, even if the Attorney's Fee Award was not in the nature of support under § 523(a)(5), the bankruptcy court did not err in alternatively finding that it was a nondischargeable divorce-related debt under § 523(a)(15).[9]

**B.    The bankruptcy court did not err in finding that Smithson's judgment for $4,079.83 was nondischargeable under § 523(a)(15).**

As part of the May 26, 2010 Order, the State Court awarded Smithson a judgment for $4,079.83, which comprised of $546.50 for debt equalization, $500.00 for Smithson's share of a security

---

[9] We are not saying that the bankruptcy court erred in finding the Attorney's Fee Award was in the nature of support. We are only stating that we need not reach that issue, since it is otherwise nondischargeable.

deposit refund, $3,000.00 for her personal property lost or destroyed by Lilly, and $33.33 for reimbursement for their daughter's medical bill. According to the order, Lilly agreed to pay the $546.50 equalization debt and the $500.00 debt for the security deposit. The State Court ordered Lilly to pay the remaining two debts after the evidentiary hearing.

Although Lilly wishes to argue the underlying merits of the State Court evidentiary hearing, we are not the proper forum for such arguments, and they are not relevant to the determination of the nondischargeability of this debt. We must also reject Lilly's argument of his inability to pay for the same reasons we stated above. The judgment for $4,079.83 is nondischargeable under § 523(a)(15) because it was incurred by Lilly in the course of the divorce and is part of the Divorce Decree contained in the May 26, 2010 Order.

Accordingly, the bankruptcy court did not err in finding that Smithson's judgment for $4,079.83 was a nondischargeable divorce-related debt under § 523(a)(15).

## VI. CONCLUSION

The bankruptcy court correctly applied the relevant substantive law, and no genuine issues of material fact were in dispute. Therefore, it did not err in granting Smithson summary judgment. We AFFIRM.