**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In re: STEVEN CARL GRONLUND; GINA MARIE GRONLUND, <br><br> Debtors, <br><br> ––––––––––––––––––––––––––––– <br><br> STEVEN CARL GRONLUND, <br><br> Appellant, <br><br> v. <br><br> KARL T. ANDERSON, Chapter 7 Trustee, <br><br> Appellee. | No. 14-60053 <br><br> BAP No. 13-1566 <br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Pappas, and Taylor, Bankruptcy Judges, Presiding

Submitted July 8, 2016[**]
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: CLIFTON, and FRIEDLAND, Circuit Judges, and CHEN,[***] District Judge.

Debtor Steven Gronlund appeals from the decision of the BAP, which affirmed the bankruptcy court order denying discharge pursuant to 11 U.S.C. §§ 727(a)(2) and 727(a)(4)(A). We affirm.

We review the bankruptcy court's judgment independently, without deference to the BAP. *Beaupied v. Chang (In re Chang)*, 163 F.3d 1138, 1140 (9th Cir. 1998). We review the bankruptcy court's conclusions of law de novo and its findings of fact for clear error. *Id.*

Under 11 U.S.C. § 727(a)(2), discharge can be denied when "the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has . . . concealed, or has permitted to be . . . concealed" either "property of the debtor, within one year before the date of filing of the petition," § 727(a)(2)(A), or "property of the estate, after the date of the filing of the petition," § 727(a)(2)(B). The bankruptcy court did not clearly err in finding that Gronlund concealed his interest in an asset related to Mexican property both before and after filing his petition for bankruptcy and that he possessed fraudulent intent in doing so.

---

[***] The Honorable Edward M. Chen, United States District Judge for the Northern District of California, sitting by designation.

2

Gronlund's failure to specifically list the property interest in his schedules and statement of financial affairs, as well as his failure to initially disclose the existence of the asset during the 341(a) meeting amounted to acts of concealment. The bankruptcy court was also entitled to infer that the concealment of the asset was deliberate and fraudulent. The interest in the Mexican property was worth several hundred thousand dollars and the income it provided made up a significant portion of Gronlund's monthly income. Although Gronlund contends that his eventual disclosure of the asset's existence to the Trustee during the 341(a) meeting negates any finding of fraudulent intent, this argument ignores the fact that he did not voluntarily bring the asset to creditors' attention, but rather only disclosed the asset in response to questioning regarding unexplained payments in his statements and schedules.

Gronlund's conduct after disclosing the asset further supports a finding of fraudulent intent. Gronlund answered the Trustee's questions about the asset during the 341(a) meeting in an inconsistent and evasive manner. And even after amending the schedules to include the asset, Gronlund stated that the asset was overencumbered on account of liens that the bankruptcy court determined did not actually exist.

The bankruptcy court also did not clearly err in finding that Gronlund "knowingly and fraudulently, in or in connection with the case[,] made a false oath or account," in violation of 11 U.S.C. § 727(a)(4)(A). The omission of the Mexican property in the schedules and statement of financial affairs constituted a false oath. *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1196 (9th Cir. 2010) ("A false statement or an omission in the debtor's bankruptcy schedules or statement of financial affairs can constitute a false oath."). The existence of the asset was also a material fact, given its high monetary value. The bankruptcy court was justified in finding that the omission of the asset was knowing and fraudulent for the same reasons that it found the existence of fraudulent intent under § 727(a)(2).

**AFFIRMED**.