FILED

JUL 30 2020

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>RAYMOND HENRY VOSS, III,<br>　　　　　　Debtor. | BAP No. ID-20-1053-SGF<br><br>Bk. No. 4:17-bk-40790-JMM |
| RAYMOND HENRY VOSS, III,<br>　　　　　　Appellant,<br>v.<br>JANILYN VOSS,<br>　　　　　　Appellee. | **MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the District of Idaho
Joseph M. Meier, Chief Bankruptcy Judge, Presiding

Before: SPRAKER, GAN, and FARIS, Bankruptcy Judges.

## INTRODUCTION

After debtor's spouse moved for summary judgment, the bankruptcy court found that the state court's prior award of attorney fees to her in the couple's prepetition divorce constituted a nondischargeable domestic

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

support obligation under § 523(a)(5).[1] In making this finding, the bankruptcy court appears to have weighed the evidence. It did so, however, at the specific behest of the parties, who stipulated to every material historical fact and requested that the court determine the dischargeability of the debt. In this unusual situation, we conclude that the court duly acted on the parties' agreement for trial of the dispute on the limited written record.

As a result, the court was not constrained by the well-established rules governing summary judgment. Following trial on the agreed-upon record, we review for clear error the bankruptcy court's finding that the attorney fees award was in the nature of spousal support. This finding was not clearly erroneous. Accordingly, we AFFIRM the bankruptcy court's order allowing Ms. Voss's claim as a nondischargeable priority domestic support obligation.

## FACTS

Prepetition, the Fremont County District Court entered a judgment of divorce ending the Vosses' marriage. The court awarded Ms. Voss primary custody of their only remaining minor child, child support of $579.67, monthly maintenance payments of $1,500.00, half the cost of her future

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

college tuition or vocational training, and her reasonable attorney fees of $35,916.80. The state court explained at length the basis of its decision in a separate memorandum decision.

Susbsequently, Mr. Voss commenced his chapter 13 bankruptcy case. Ms. Voss filed a proof of claim based on the attorney fees judgment, stating that the claim qualified as a priority domestic support obligation under § 507(a)(1). Mr. Voss objected to the claim, arguing that it was not a domestic support obligation under either § 507(a)(1) or § 523(a)(5). Ms. Voss responded that the attorney fees judgment was a nondischargeable priority domestic support obligation.

Ms. Voss moved for summary judgment on the claim objection. But the parties later agreed that the bankruptcy court should resolve the matter based on the state court's divorce judgment, its attorney fees judgment, and its memorandum decision (collectively, the "State Court Decisions"). In furtherance of this agreement, they jointly filed stipulated facts regarding the amount of the debt and the facts of the present bankruptcy case. They also attached the State Court Decisions and asked the court to determine whether the debt was nondischargeable under § 523(a)(15) or under § 523(a)(5).

The court rendered its decision in an oral ruling. It began by recognizing that the procedural posture of the matter had changed since Ms. Voss filed her summary judgment motion. As the court explained,

> [E]ventually the parties met and agreed and represented to the Court that they simply wanted this matter resolved. They felt that the facts were basically not in dispute. That there was a debt owed to Ms. Voss by virtue of a State Court judgment in the approximate amount of $35,000. And . . . the parties desire this Court to rule on whether this was in the nature of domestic support and, therefore, nondischargeable . . . under 11 USC Section 523(a)(5) . . . .

Hr'g Tr. (Feb. 19, 2020) at 5:5-14. The court then considered the relevant state law regarding fee awards and examined the state court's findings. Upon consideration of the state court's findings, the bankruptcy court concluded that the fee award was in the nature of spousal support as the state court based it on Ms. Voss's financial need. It, therefore, ruled that the attorney fees judgment was a nondischargeable domestic support obligation under § 523(a)(5).

On February 19, 2020, the bankruptcy court entered its order determining the debt to be a nondischargeable domestic support obligation. Mr. Voss timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.

4

## ISSUE

Did the bankruptcy court commit reversible error when it determined that the attorney fees judgment was a nondischargeable debt under § 523(a)(5)?

## STANDARD OF REVIEW

At oral argument before this panel, the parties confirmed that even though Ms. Voss originally filed a motion for summary judgment, they submitted the dischargeability of the fee award to the bankruptcy court for trial based on the contents of the State Court Decisions. When "the parties agree that all of the underlying material facts are reflected in the written record, a judge may decide factual issues and essentially convert cross-motions for summary judgment into submission of the case for trial on the written record." *Chevron USA, Inc. v. Cayetano*, 224 F.3d 1030, 1038 n.6 (9th Cir. 2000) (citing *Starsky v. Williams*, 512 F.2d 109, 111 (9th Cir. 1975)). This rule recognizes the reality that "where the ultimate fact in dispute is destined for decision by the court rather than by a jury, there is no reason why the court and the parties should go through the motions of a trial if the court will eventually end up deciding [the matter] on the same record." *Id.* (quoting *TransWorld Airlines, Inc. v. Am. Coupon Exch., Inc.*, 913 F.2d 676, 684 (9th Cir. 1990)).

This is exactly what happened here. Following the parties' agreement to submit the matter based on the contents of the State Court Decisions, the

5

bankruptcy court found that the attorney fees judgment was in the nature of spousal support and, therefore, nondischargeable under § 523(a)(5). This was "a factual determination made by the bankruptcy court as a matter of federal bankruptcy law." *Beaupied v. Chang (In re Chang)*, 163 F.3d 1138, 1140 (9th Cir. 1998). We review factual findings following a bench trial on a limited written record under the clearly erroneous standard. *See E.E.O.C. v. Maricopa Cty. Cmty. Coll. Dist.*, 736 F.2d 510, 513 (9th Cir. 1984); *accord Wolfe v. United States*, 798 F.2d 1241, 1244 (9th Cir.), *opinion amended on denial of reh'g*, 806 F.2d 1410 (9th Cir. 1986) (citing *Starsky*, 512 F.2d at 111). A factual finding is clearly erroneous if it is illogical, implausible, or without support in the record. *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1196 (9th Cir. 2010) (citing *United States v. Hinkson*, 585 F.3d 1247, 1261–62 & n.21 (9th Cir. 2009) (en banc)).[2]

---

[2] Ordinarily, an adversary proceeding would be necessary to determine the dischargeability of a debt. *See* Rule 7001(6); *Ung v. Boni (In re Boni)*, 240 B.R. 381, 385 (9th Cir. BAP 1999). However, for the same reasons we have concluded that the bankruptcy court was not constrained by the rules governing summary judgment, we also hold that the court did not commit reversible error by deciding this dispute in a contested matter instead of an adversary proceeding. This result is particularly appropriate here given that both parties expressed the desire for the court to resolve the dispute based on the record already presented and neither requested an adversary proceeding. *See Ruvacalba v. Munoz (In re Munoz)*, 287 B.R. 546, 551 (9th Cir. BAP 2002); *see also Alexander v. Compton (In re Bonham)*, 229 F.3d 750, 765 n.9 (9th Cir. 2000) (observing that substantive consolidation disputes may be resolved by either contested matter or adversary proceeding, so long as the requirements of notice and an opportunity to be heard are satisfied).

# DISCUSSION

## A.    Applicable federal law.

An attorney fees award in a marital dissolution proceeding may qualify as a domestic support obligation for purposes of §§ 101(14A) and 523(a)(5). *Gionis v. Wayne (In re Gionis)*, 170 B.R. 675, 682–84 (9th Cir. BAP 1994), *aff'd*, 92 F.3d 1192 (9th Cir. 1996). Importantly, the label used in the divorce judgment is not dispositive. *Id.* at 681. Instead, the bankruptcy court must make a factual inquiry to determine whether the fee award actually is in the nature of spousal support. *Id.* (citing *Shaver v. Shaver*, 736 F.2d 1314, 1316 (9th Cir. 1984)).[3]

When evaluating whether a fee award constitutes spousal support, courts primarily consider whether the award was based on financial need. *Shaver*, 736 F.2d at 1316; *In re Gionis*, 170 B.R. at 682. Indicia of needs-based fee awards may include: "(1) an absence of support payments in the decree, . . . (2) the presence of minor children in the marriage and (3) a disparity of income between the parties. . . ." *In re Gionis*, 170 B.R. at 682.

When the fee award arises from a contested divorce proceeding, the

---

[3] In relevant part, § 101(14A) specifies that the term "domestic support obligation" refers to a debt: "*in the nature of alimony, maintenance, or support* (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated." (Emphasis added.) As a result, we use these terms interchangeably in this decision to refer to domestic support obligations. We express no opinion regarding their specific meaning under Idaho law.

bankruptcy court typically must discern the state court's intent in awarding fees. *Id.* The bankruptcy court may consider a number of other factors, and each case is driven by its own circumstances. *Id.* The contents of state laws governing fee awards in divorce proceedings can give significant clues regarding whether the state court intended to grant a needs-based fee award. *Id.* (citing *Gard v. Gibson (In re Gibson)*, 103 B.R. 218, 220 (9th Cir. BAP 1989)).

**B.    Idaho law.**

Under Idaho Code ("I.C.") § 32-704(3), the state court, "after considering the financial resources of both parties" and the factors set forth in I.C. § 32-705, may award attorney fees in a divorce proceeding. The relevant factors the court must consider are listed in I.C. § 32-705(2) – which also governs the court's decision regarding how much to award in spousal support. *Reed v. Reed*, 157 Idaho 705, 719-20 (2014). These factors include:

(a) The financial resources of the spouse seeking maintenance, including the marital property apportioned to said spouse, and said spouse's ability to meet his or her needs independently;

(b) The time necessary to acquire sufficient education and training to enable the spouse seeking maintenance to find employment;

(c) The duration of the marriage;

(d) The age and the physical and emotional condition of the spouse seeking maintenance;

(e) The ability of the spouse from whom maintenance is sought to meet his or her needs while meeting those of the spouse seeking maintenance;

(f) The tax consequences to each spouse;

(g) The fault of either party.

I.C. § 32-705(2). As the Idaho Supreme Court put it, "These are factors that must be considered, *but the weight to be given each of them is within the discretion of the trial court*." *Reed*, 157 Idaho at 720 (emphasis added).

Here, the state court's decision to grant Ms. Voss her reasonable attorney fees relied on the same findings it already had made during the process of awarding her spousal support. The state court did not identify which of these findings it gave the most weight to when it awarded Ms. Voss her attorney fees. Consequently, the court's decision to award attorney fees potentially is subject to more than one reasonable interpretation. Only some of the I.C. § 32-705(2) factors concern the spouse's financial need. It is impossible to state with certainty how much weight the state court gave to the needs-based factors when it granted Ms. Voss her attorney fees. In short, this was a disputed question of fact.

## C.    Merits review.

Mr. Voss principally argues that Ms. Voss failed to meet her burden

9

to demonstrate that the state court intended to grant attorney fees based on need. As he reasons, the state court separately granted Ms. Voss $1,500.00 per month in spousal support, plus child support, plus an additional sum to cover 50% of her college tuition or her vocational training expenses. According to Mr. Voss, there was no financial need to add the attorney fees judgment on top of this award of spousal support. He further notes the absence of any temporal limitation on the attorney fees judgment. Unlike the specific award of spousal support, which was limited to a term of eight years, the attorney fees judgment had no such limit. He additionally maintains that if the state court had intended the attorney fees judgment as a supplemental spousal support award, it would have included the fees as part of its maintenance award instead of awarding the fees in a separate section of its memorandum decision.

Furthermore, Mr. Voss observes that the state court repeatedly referred to his bad judgment in choosing to dissipate some of the couple's assets. This included a prominent reference in the section on attorney fees. Consequently, Mr. Voss posits that the state court's attorney fees judgment was more in the nature of property equalization – to make up for the marital community's loss of the savings account as an asset. The court also referenced other misconduct by Mr. Voss. From this, Mr. Voss infers that the court granted the attorney fees judgment not based on Ms. Voss's need but instead to punish him.

10

Mr. Voss's inferences regarding the state court's intent are reasonable, but they do not justify reversal of the order on appeal. The bankruptcy court's inference that the state court granted the attorney fees judgment based on Ms. Voss's financial need is also reasonable. There were a number of factors that supported the bankruptcy court's inference. The state court began its attorney fees discussion by noting that even if Mr. Voss had not dissipated the marital savings account, those funds would have been consumed by her attorney fees. In light of its overarching view that Mr. Voss had litigated the divorce towards "winning and leaving [Ms. Voss] penniless," the state court specifically stated that the fee award was being made "in addition to" the court's spousal support award.

Also, the state court explicitly relied on the same factors that led it to award spousal support. These factors included the relative earnings potential of each spouse, their respective work histories, Ms. Voss's lack of a college education or vocational training, and her inability to meet her financial needs without Mr. Voss's continued financial assistance. The state court clearly considered these factors in making its monthly spousal support award of $1,500.00 per month. It also observed: "[t]he splitting of a family entity of such modest means does not portend well the proposition that each spouse can maintain the same standards of living they enjoyed during the marriage." Based on these and other factors, the state court concluded that it would be "just" to award Ms. Voss her reasonable

11

attorney fees.

The state court did also reference Mr. Voss's fault in its decision. But it predominantly focused on the economic factors and Ms. Voss's disadvantageous financial situation. On this record, Mr. Voss has shown only that he disagrees with the bankruptcy court's decision. He has not demonstrated that it was illogical, implausible or unsupported for the bankruptcy court to conclude that the state court's attorney fees judgment was based on need and was in the nature of spousal support. "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985).[4]

## CONCLUSION

For the reasons set forth above, we AFFIRM the bankruptcy court's order allowing Ms. Voss's claim as a nondischargeable priority domestic

---

[4] Mr. Voss's only other argument concerns the fact that the attorney fees judgment was not payable to Ms. Voss but rather to her divorce attorney. He maintains that because the fee award was payable directly to her attorney, it was error for the bankruptcy court to find that the fee award was in the nature of spousal support. This position is contrary to binding Ninth Circuit law. *See In re Chang*, 163 F.3d at 1141-42 & n.1. As this Panel has stated, "it is irrelevant that the fee award was payable directly to [the spouse's] counsel. The operative inquiry is whether the obligation was based on the need of the Debtor's ex-spouse." *Gately v. Moore (In re Gately)*, BAP No. CC–16–1086–TaFMc, 2016 WL 6777316, at *4 (9th Cir. BAP Nov. 15, 2016) (citing *Bendetti v. Gunness (In re Gunness)*, 505 B.R. 1, 2, 7 (9th Cir. BAP 2014)). Accordingly, we reject Mr. Voss's third-party payee argument.

support obligation.