NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 27 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  ERIK J. SUNDQUIST; RENEE SUNDQUIST,<br><br>                    Debtors,<br><br>------------------------------<br><br>DENNISE HENDERSON; LAW OFFICE OF DENNISE HENDERSON,<br><br>                    Appellants,<br><br>  v.<br><br>ERIK J. SUNDQUIST; RENEE SUNDQUIST,<br><br>                    Appellees. | No.    19-60016<br><br>BAP No. 17-1347<br><br>MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Lafferty III, Brand, and Spraker, Bankruptcy Judges, Presiding

Submitted October 23, 2020**
San Francisco, California

Before:  HAWKINS, N.R. SMITH, and R. NELSON, Circuit Judges.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Dennise Henderson ("Henderson"), who represented debtors in the underlying bankruptcy proceeding, appeals the decision of the Bankruptcy Appellate Panel ("BAP") affirming the Bankruptcy Court's order expunging an attorneys' fee lien Henderson had filed against the debtors. We review the bankruptcy court's decision independently, *Beaupied v. Chang (In re Chang)*, 163 F.3d 1138, 1140 (9th Cir. 1998), and we affirm.

Henderson represented the debtors in a very successful adversary proceeding stemming from violation of the automatic stay. Under 11 U.S.C. § 362(k), her attorney's fees are part of the damage award. Although Henderson initially attempted to seek at 30% contingent fee award, she later agreed before the court to "only seek the lesser of the contingency fee agreement or the reasonable hourly rate times the number of hours expended consistent with the Lodestar method." The bankruptcy court canceled the contingent fee agreement pursuant to 11 U.S.C. § 329, which permits the court to cancel any agreement that "exceeds the reasonable value of any such services," and awarded instead the full number of hours worked times an hourly rate of $300. Nonetheless, Henderson later filed an attorneys' fee lien against the debtors, apparently seeking some higher fee based on the "extraordinary result" in this case, which necessitated debtors' current action to expunge the lien.[1]

---

[1] We note that Henderson's notice of appeal designated only the November 2017 order expunging her lien and not the initial March 2017 decision which canceled the contingency fee agreement and awarded lodestar fees. *See* Fed. R. App. P.

The bankruptcy court acted well within its discretion in canceling Henderson's contingency fee agreement, awarding her lodestar fees instead, and expunging the lien. First, counsel expressly agreed to accept the lodestar calculation as a reasonable fee. Second, the bankruptcy court has broad discretion in determining the amount of fees that are reasonable, especially considering the court's unique position to observe the attorney's performance during the course of the bankruptcy proceedings. *See America's Serv. Co. v. Schwartz-Tallard (In re Schwartz-Tallard)*, 803 F.3d 1095, 1101 (9th Cir. 2015) (explaining how bankruptcy judges retain the discretion to eliminate unnecessary or plainly excessive fees under § 362(k)). The bankruptcy court described in great detail the poor performance of counsel, including its opinion that the damages proven might have been even higher with a better presentation. It expressed doubt that Henderson's services were worth $300 an hour, but ultimately decided this figure was fair because of the risk of

---

3(c)(1)(B). "When a party seeks to argue the merits of an order that does not appear on the face of the notice of appeal, we consider (1) whether the intent to appeal a specific judgment can be fairly inferred and (2) whether the appellee was prejudiced by the mistake." *Le v. Astrue*, 558 F.3d 1019, 1022–23 (9th Cir. 2009) (internal quotations and citations omitted). Here, the subject matter of the two orders are necessarily intertwined, as the November order refers back to and expands on the reasoning of the earlier order. In addition, much of the briefing before the bankruptcy court, BAP, and this court addresses the propriety of the original March 2017 order. We thus conclude that we have jurisdiction to address the merits of both orders. *See One Indus., LLC v. Jim O'Neal Distrib., Inc.,* 578 F.3d 1154, 1159 (9th Cir. 2009).

3

nonpayment counsel had assumed.[2]  Counsel was thus fully compensated for her time and services by this award, and had no basis for filing the lien against debtors.[3]

**AFFIRMED.**

[2] Henderson also argues she was entitled to a bonus or enhancement for her clients' "extraordinary result."  In denying this request, the bankruptcy court did not err. Though "declin[ing] to consider the bonus requested by the appellant" has constituted legal error, *see Burgess v. Kelnske (In re Manoa Fin. Co.)*, 853 F.2d 687, 691–92 (9th Cir. 1988), the bankruptcy court here considered Henderson's enhancement arguments, ultimately exercising its discretion to deny that request based on Henderson's performance.  *See Sundquist v. Bank of America, N.A. (In re Sundquist),* 576 B.R. 858, 876–77 (Bankr. E.D. Cal. 2017) (noting the bankruptcy court "accepted [Henderson's claimed rate, reasoning that it included an implicit enhancement (perhaps 50 percent) above normal lodestar for an attorney of her caliber of performance that could be justified as accommodating the risk of nonpayment").

[3] The motion filed by Appellants for an extension of time to file a reply brief [Dkt. Entry No. 53] is granted.  The reply brief filed on July 29, 2020, is deemed filed.